FRANCIS HENRY *v.* LEBANON & CISSELL'S CREEK & LORETTE TURN-PIKE CO.

**Trial—Submission to Jury—Presumption.**

Where a case should have been transferred to the equity docket, but no application for the transfer was made, the parties must be presumed to have consented that all the questions of fact involved should be submitted to a jury.

**Corporations—Suit by—Authority of President.**

Where defendant questions the right of the president of a company to act for the company in bringing suit, the proper mode of

procedure is not by answer, but by rule against the president to exhibit his authority to act.

Pledges—Termination of.

A pledge or pawn is not terminated by the pledgee permitting the pledged property to pass into the hands of the pledgor, where the pledgor borrowed the pledged property, and in violation of his agreement fails or refuses to return it.

APPEAL FROM MARION CIRCUIT COURT.

October 17, 1873.

OPINION BY JUDGE LINDSAY:

As it was sought in this action not only to establish the debt of the turnpike company against Henry, and recover possession of the property alleged to have been purchased or pledged to secure its payment, but also to enforce the company's lien on said property by having it sold, and the proceeds applied to the payment of its said debt, it should properly have been prosecuted on the equity side of the docket. No motion, however, was made to transfer it to that docket, and the parties must be deemed to have consented that all the questions of fact involved in the litigation should be submitted to a jury. The court below properly struck out so much of appellant's answer as questioned the right of Mattingly, as president of the turnpike company, to prosecute the action in its name, and also that portion setting up the suits by Mattingly and Russell against appellant. If appellant doubted Mattingly's right to act for the company, the proper mode to reach the question was by rule against him to exhibit his authority to act in the premises.

The allegations with regard to the suits by Mattingly and Russell were wholly irrelevant to any issue involved in this case. Appellant was allowed to read the proceedings in these actions to the jury, for the purpose of impairing the credibility of Mattingly and Russell, who were witnesses for appellee, and this was the only purpose for which they could be legitimately used in this action. The three instructions given for appellee were unexceptionable. Instruction No. 1, asked by appellant, was properly refused, because it wholly ignored the alleged settlement. The right of appellant to recover pay for the additional culverts he claimed to have constructed was, by said instruction, made perfect and complete, although the jury might have

believed that upon a full and fair settlement he had fallen in debt to the company to the amount sued for. Instruction No. 2 was erroneous because it terminated the pledge or pawn in case the jury believed that Mattingly permitted the property to go into the possession of appellant. This is not the law where the party making the pledge borrows the property from the party holding it in pledge, and then, in violation of his agreement, refuses to return it. A party can not thus take advantage of his own wrongs. There was evidence conducing to show that appellant obtained the property upon a promise to return it, and the court properly refused to take this evidence from the jury, as it would have done by giving this instruction. Neither party asked the court to instruct the jury as to what constitutes a pawning or pledging of personal property, therefore the want of such an instruction can not be made a ground of complaint in this court. The verdict of the jury is not against the weight of the evidence, and the judgment of the court based upon such verdict ought not to be disturbed.

Judgment *affirmed*.

*Beldene, for appellant.*

*Cleaver, for appellee.*